# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **CHARLES R. COOK,** : | |
| : | **Case No. 2:09-cv-799** |
| **Plaintiff,** : | |
| : | **Judge Algenon L. Marbley** |
| v. : | |
| : | **Magistrate Judge Norah McCann King** |
| **EXPERIAN INFORMATION** : | |
| **SOLUTIONS, INC.,** : | |
| : | |
| **Defendant.** : | |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between the parties through their respective attorneys of record that this Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action that are designated to be subject to this Order in accordance with the terms hereof. The parties stipulate as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, proprietary systems, confidential research or development or technology, commercially sensitive information or other proprietary information belonging to the defendant and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, good cause exists to grant an Order of this Court protecting such confidential documents and information to prevent specific prejudice and harm to the parties and such Order shall be and hereby is made by this Court on the following terms:

    1.    Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein as subject to this Order by denoting "Confidential" on the front of the document, or on portion(s) of the document, if the party or non-party has a reasonable and good faith belief the material constitutes: (1) trade

secrets, proprietary systems, confidential research or development or technology, commercially sensitive information or other proprietary information, (2) tax returns, (3) consumer credit reports, (4) documents containing social security numbers, or (5) documents containing credit card account numbers that are not truncated. Any tax returns, consumer credit reports, credit applications and documents containing social security numbers or credit card account numbers that are not truncated shall be considered "Confidential" pursuant to this Order whether or not designated as such in accordance with this paragraph.

2. If a producing party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties in this action, the producing party may designate those particular documents as "Confidential—Attorneys' Eyes Only." In the absence of prior written permission from the designating party, or an order by the Court, materials designated "Confidential—Attorneys' Eyes Only" shall not be disclosed to any person other than counsel of record in this case.

3. In any dispute over the designation of material as "Confidential" or "Confidential—Attorneys' Eyes Only," the designating party shall have the burden of proving that the material constitutes trade secrets, proprietary systems, confidential research or development or technology, commercially sensitive information or other proprietary information.

4. The parties may designate any documents, discovery, or other information

as "Confidential" or "Confidential—Attorneys' Eyes Only" by an appropriate marking that prominently displays the words "Confidential" or "Confidential—Attorneys' Eyes Only." Deposition testimony can be designated by the parties as "Confidential" or "Confidential—Attorneys' Eyes Only." Such designation will be made on the record if possible, but the parties can designate portions of such testimony as "Confidential" or "Confidential—Attorneys' Eyes Only" by providing written notice of such designation to the opposing parties within ten (10) days of receipt of the transcribed testimony by counsel. Until ten (10) days after receipt of the transcribed testimony, such testimony shall be treated by the parties as "Confidential" or "Confidential—Attorneys' Eyes Only."

5. All documents, discovery, or other materials designated "Confidential" or "Confidential—Attorneys' Eyes Only," and all information derived therefrom (including, but not limited to, all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any information designated confidential hereunder), shall not be used, directly or indirectly, by any person, including, but not limited to, all parties to this action, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action or in connection with the filing of pretrial motions or other papers with the Court in accordance with the provisions of this Order.

6. Except with the prior written consent of the party asserting confidentiality or pursuant to prior court order after notice to the party asserting confidentiality or if no motion is filed to obtain an order recognizing such

COI-1433786v1

confidentiality, any non-judicial documents or other information designated "Confidential" under this Order, and any information contained in, or derived from, any such materials (including, but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:

   a.  Parties to this litigation, their counsel and counsel's employees to whom it is necessary that confidential information be shown for purposes of this litigation;

   b.  Witnesses who non-producing counsel concludes reasonably need to know such information and who non-producing counsel reasonably expects to provide relevant testimony in this litigation, whether by deposition, affidavit or at trial, and who reasonably need to know such information;

   c.  Disclosed experts retained for the purpose of testifying at trial, including staff and support personnel to whom it is necessary that confidential information be shown for purposes of assisting in such preparation; and

   d.  The Court and its officers, including court reporters, courtroom personnel in attendance at the trial of this proceeding, and jurors.

7. All persons receiving confidential materials produced pursuant to this Order shall be advised of their confidential nature and shall execute a copy of the Declaration of Compliance ("Declaration") attached hereto as

Exhibit "A," or other confidentiality agreement containing the same terms as this Order (including the attached Declaration) agreed to by the parties subject to this Order, before being shown or given any confidential information. A party shall, upon request by another party, provide copies of all executed Declarations and/or all other similar confidentiality agreements contemplated under this paragraph. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any other person except as provided herein. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

8. Any party may at any time object in writing to the designation of any information as "Confidential" or "Confidential—Attorneys' Eyes Only." Should the designating party and the objecting party be unable to resolve informally such objection, the designating party through counsel may submit such dispute to the Court for resolution within ten (10) days after receiving written notice from the objecting party that the parties are unable to resolve the issue. The information shall be treated as "Confidential" or "Confidential—Attorneys' Eyes Only," as the case may be, until the expiration of the 10-day period or, if the dispute is submitted to the Court, until the Court resolves the dispute.

9. The parties and their attorneys shall take all necessary and proper steps to

preserve the confidentiality of, and to protect the rights of the party asserting confidential treatment with respect to, any confidential information designated by said party in accordance with this Order. Any person breaching the provisions of this Order may, after hearing, be subject to the contempt powers of the Court.

10. If confidential information subject to this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately upon learning of the disclosure bring all pertinent facts relating to such disclosure to the attention of the party asserting confidential treatment and, without prejudice to other rights and remedies of the party asserting confidential treatment, make every effort to prevent further disclosure by the responsible party or by the person who was the recipient of such information.

11. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information designated confidential in accordance with this Order, the party or non-party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall notify the party asserting such confidentiality of the intention to file such documents with the clerk. The party asserting confidentiality shall have ten (10) days to file a motion that the respective documents or portions thereof be filed under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. If such motion is not made within the ten (10) day time frame, such

documents may be filed without being filed under seal. If a timely motion is made, the parties automatically consent to an extension of time to file such documents and to file the Court document for which such documents are to be filed in support until no less than ten (10) days after the Court rules on the motion to seal the respective documents or portions thereof. At trial, the time frame to make such a motion to file documents under seal may be shortened by the Court.

12. The protection afforded by this Order shall in no way affect a party's or non-party's right to withhold documents as privileged under the attorney-client or other privilege (provided that a privilege log is provided listing such documents) or as otherwise exempted from discovery under state or federal rules of procedure. Nor does it affect a party's right to seek sanctions under the applicable rules for discovery violations.

13. The Court may for good cause modify this Order or grant any party relief therefrom.

14. Within sixty (60) days after the final termination of this litigation, and upon written notice by the designating party, all non-judicial documents, transcripts or other materials afforded confidential treatment pursuant to this Order (and any and all copies thereof), including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel constitute the work product of counsel, and not filed as evidence with the Court, shall be returned to the party that produced the materials.

15. This Order is binding on the parties unless and until a court relieves the

parties and their respective counsel from the obligations hereunder.

16. This Order is binding on any local or co-counsel retained by any party herein.

17. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

18. This Order shall take effect and shall be binding on the parties upon execution by counsel for the parties, regardless of whether this Order is signed by the Court. In the event any party is severed or dismissed from this case, this Order shall remain in effect as to the severed or dismissed party, as well as the remaining parties. If at any time the Court enters any order inconsistent in any way with this Order, this Order shall remain in effect to the full extent that it is not inconsistent with the Court's order.

19. This Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Order. Each individual signing the Declaration agrees to be subject to the jurisdiction of this Court for purposes of this Order.

20. This Order does not prevent any party from filing or opposing any motion to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to applicable rules.

SO ORDERED:
 __s/Norah McCann King_____
Magistrate Judge Norah McCann King

January 7, 2010_____
Date


Approved by and agreed to:

**/s/Steven C. Shane**
Steven C. Shane (0041124)
Trial Attorney for Plaintiff
321 Fairfield Ave.
P.O. Box 73067
Bellevue, Ky. 41073
(859) 431-7800
(859) 431-3100 facsimile
shanelaw@fuse.net

**/s/James W. Sandy**
James W. Sandy (0084246)
Trial Attorney for Plaintiff
332 West High Ave.
New Philadelphia, OH 45701
(330) 339-3998
(330) 339-6672 facsimile
jsandy@oslsa.com

**/s/  Amber Lea Merl**
Amber L Merl (0080655)
*Trial Attorney*
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, Ohio 43215-2673
Telephone:     (614) 281-3939
Facsimile:      (614) 461-4198

*Attorney for Defendant
        Experian Information Solutions, Inc.*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **CHARLES R. COOK,** : <br> : <br> **Plaintiff,** : <br> : <br> v. : <br> : <br> **EXPERIAN INFORMATION** : <br> **SOLUTIONS, INC.,** : <br> : <br> **Defendant.** : | **Case No. 2:09-cv-799** <br><br> **Judge Algenon L. Marbley** <br><br> **Magistrate Judge Norah McCann King** |

## **DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1. My address is_____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 2010.

5. I have carefully read and understand the provisions of this Stipulated Protective Order. I will comply with all provisions of this Stipulated Protective Order.

6. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents, or other materials produced subject to this Stipulated Protective Order.

7. I will use the information, documents, or other materials produced subject to this Stipulated Protective Order only for purposes consistent with the Order.

8. Upon termination of this action, or upon request, I will comply with the Stipulated Protective Order to the extent it requires me to return and deliver all information,

documents, or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to them, which documents are the subject of the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the materials.

9. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct.

Executed this ___ day of _____, 2010 at _____.

_____
Qualified Person